# IN THE COURT OF APPEALS OF IOWA

No. 20-0773
Filed September 21, 2022


**JESUS ANGEL RAMIREZ,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,

Judge.


Jesus Ramirez appeals the denial of his application for postconviction relief.

**AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


Heard by Ahlers, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

On direct appeal from his convictions for possession of methamphetamine with intent to deliver and a drug stamp violation, Jesus Ramirez claimed "that Iowa's search warrant statutes do not authorize anticipatory warrants." *State v. Ramirez*, 895 N.W.2d 884, 886 (Iowa 2017). Our supreme court agreed but held that "where the federal government conducts a search pursuant to a valid search warrant for purposes of a federal investigation, the mere fact that such a warrant would not have been statutorily authorized in Iowa does not compel the results of the search to be suppressed in the Iowa courts." *Id.* The court specifically noted Ramirez did "not claim that the *search itself* would have violated the Iowa Constitution." *Id.* at 898.

Seizing on that opening in his application for postconviction relief, Ramirez alleged his appellate attorney "was ineffective . . . because he did not brief and argue on appeal . . . that the search itself violated the Iowa Constitution." The district court denied this claim, finding Ramirez failed to show there was "a reasonable probability that the result would [have been] different had counsel argued a violation of the Iowa Constitution." Ramirez appeals this ruling.

I.      **Background Facts and Proceedings**

The supreme court detailed the underlying facts in its decision on direct appeal from Ramirez's criminal convictions. For the purpose of this appeal, what's important to know is that Ramirez was the subject of an anticipatory search warrant that was reviewed and approved by a federal magistrate. *Id.* at 887. Federal agents executed the warrant and found almost one kilogram of methamphetamine inside three mirror frames that were shipped to Ramirez's address from Mexico.

*Id.* at 888. "At some point, the United States Attorney's Office decided to let the State of Iowa prosecute the case." *Id.*

The State charged Ramirez with possession of methamphetamine with intent to deliver, with an enhancement for a prior conviction, and a drug tax stamp violation. *Id.* After an unsuccessful motion to suppress that focused on the initial search of the package, Ramirez moved to reconsider, claiming that an anticipatory search warrant "was invalid under Iowa Code chapter 808 [(2014)] and therefore suppression was required." *Id.* The district court denied the motion, and the case proceeded to trial. *Id.* The jury found Ramirez guilty as charged. *Id.* at 889.

Ramirez appealed, and the supreme court retained the appeal. Among other things, Ramirez argued "his motion to suppress should have been granted because Iowa law does not authorize anticipatory warrants." *Id.* at 890. The supreme court found that both prerequisites for constitutionality of conditional anticipatory search warrants under the Fourth Amendment to the United States Constitution were satisfied—that (1) "there is a fair probability that contraband or evidence of a crime will be found in a particular place" if the triggering condition occurs and (2) "there is probable cause to believe the triggering condition *will occur.*" *Id.* at 892 (quoting *United States v. Grubbs*, 547 U.S. 90, 96–97 (2006)). As a result, "the warrant was a valid federal warrant." *Id.* Yet, the court acknowledged anticipatory search warrants are not authorized under Iowa Code sections 808.3 and 808.4. *Id.* at 893. So the supreme court asked: "Should Iowa invalidate a search that would not have been invalidated under the law of the jurisdiction pursuant to which it was conducted?" *Id.* at 894.

The supreme court answered in the negative, relying in part on its decision in *State v. Davis*, 679 N.W.2d 651, 659 (Iowa 2004), which examined a Missouri search that was unlawful under Missouri law but was used in an Iowa prosecution. In upholding the search, the court in *Davis* "relied on a Missouri good-faith warrant exception even though Iowa refuses to recognize the same exception." *Ramirez*, 895 N.W.2d at 894. The *Davis* court reasoned, "We see no reason to give greater protection to the integrity of Missouri statutes than the Missouri courts do under the circumstances." 679 N.W.2d at 659; *accord State v. Stockman*, No. 20-1360, 2022 WL 109183, at *5 (Iowa Ct. App. Jan. 12, 2022), *further review denied* (Mar. 9, 2022) ("Following *Ramirez* and *Davis*, we apply federal law to determine . . . whether the search of [the defendant's] purse was authorized under the federal search warrant.").

In finding the search should not be invalidated, the court in *Ramirez* specifically pointed out that:

> Although Ramirez raises article I, section 8 of the Iowa Constitution in his briefing, he does not claim that *the search itself* would have violated the Iowa Constitution. Rather, he maintains only that Iowa statutes do not authorize this type of search and, therefore, it would violate the Iowa Constitution *to admit the results of the search in an Iowa court*.

895 N.W.2d at 898. The court "disagree[d] with that broad proposition," concluding:

> we cannot say that the admission of the results of the May 16, 201[4] search either rewarded unlawful police conduct or undermined the integrity of our courts. Rather, it accorded a proper recognition to the bona fide actions of the federal government pursuant to that government's lawful authority, including the official acts of a federal magistrate judge.

As a result, the court affirmed Ramirez's convictions. *Id.* Three justices dissented, asserting that "evidence obtained by a search warrant issued by the federal court to search property located in Iowa and owned by an Iowa residence would be subject to the exclusionary rule in an Iowa prosecution." *Id.* at 902 (Wiggins, J., dissenting).

Ramirez applied for postconviction relief in August 2017. His second and third amended applications respectively alleged "counsel should have argued and preserved and raised violation of [a]rticle I [s]ection 8 of the Iowa Constitution" and "[a]ppellate counsel was ineffective . . . because he did not brief and argue on appeal . . . that the search itself violated the Iowa Constitution." Following a hearing, the district court denied Ramirez's application. Ramirez appeals that ruling.

## II.    Analysis

To prevail on his ineffective-assistance claim,[1] Ramirez must establish by a preponderance of the evidence that (1) appellate counsel failed to perform an essential duty, and (2) this failure resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). Failure to prove either prong will preclude relief. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017). Thus, "[i]f the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). To establish

---

[1] Postconviction rulings are normally reviewed for errors at law, but review is de novo when claims of ineffective assistance of counsel come into play. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

prejudice, the applicant must show a reasonable probability of a different result, which "is a probability sufficient to undermine confidence in the outcome." *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019) (citation omitted).

On the merits of his claim, Ramirez argues the search warrant lacked probable cause because the warrant application presented no information that a crime was being committed when the warrant issued and the police had control over the means for a crime to occur. Without probable cause, he argues the search was unreasonable under the Iowa Constitution. Ramirez admits his argument on the merits "is not the majority view among jurisdictions." He is also careful to point out that he is not arguing that anticipatory search warrants should be "per se unconstitutional under the Iowa Constitution." *See Ramirez*, 895 N.W.2d at 893 n.3 ("We are not aware of any state supreme court declaring such warrants to be per se unconstitutional."). Instead, Ramirez submits that because the supreme court has interpreted "the Iowa Constitution to be more protective than that [of] the majority view" in other cases, a challenge to the constitutionality of the search itself under the Iowa Constitution "would have been successful," and he was therefore prejudiced by counsel's failure to raise the issue.

The first hurdle for Ramirez in establishing prejudice is that the supreme court already found the warrant underlying the search of his apartment was supported by probable cause. *Id.* at 892. Thus, his argument that the search itself was unconstitutional for want of probable cause doesn't really go anywhere.

Another obstacle for Ramirez on the prejudice front is the applicability of the exclusionary rule, which only "requires suppression at trial of evidence discovered as a result of *illegal* government activity." *State v. Naujoks*, 637 N.W.2d 101, 111

(Iowa 2001) (emphasis added). The supreme court found the federal investigation led to a valid warrant and the actions of the federal government were "pursuant to that government's lawful authority." *Ramirez*, 895 N.W.2d at 898. As a result, there was no "illegal government activity" triggering the exclusionary rule. *See Naujoks*, 637 N.W.2d at 111. After surveying cases from other jurisdictions, the supreme court essentially said the exclusionary rule would not apply to bar the admission of the results of the search:

> When a bona fide federal investigation leads to a valid federal search, but the evidence is later turned over to state authorities for a state prosecution, we do not believe deterrence or judicial integrity necessarily require a reexamination of the search under standards that hypothetically would have prevailed if the search had been performed by state authorities.

*Ramirez*, 895 N.W.2d at 894–98; *accord Naujoks*, 637 N.W.2d at 111 (stating the purpose of excluding illegally obtained evidence "is twofold: to deter lawless police conduct and to protect the integrity of the judiciary").

So the open question Ramirez contends was left unanswered in his direct appeal really wasn't left unanswered. While the supreme court was careful to note Ramirez did not argue "that the search—if statutorily authorized—would have violated the Iowa Constitution," it effectively foreclosed a different result under that argument with the findings detailed above. *Ramirez*, 895 N.W.2d at 898. For these reasons, we conclude Ramirez did not meet his burden to show prejudice. The district court's denial of his application for postconviction relief is accordingly affirmed.

**AFFIRMED.**